IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01520-WYD-CBS

DAVID JACKSON,

    Plaintiff(s),

v.

VERA JACKSON,

    Defendant(s).

---

## ORDER OF REMAND

---

THIS MATTER is before the Court on *pro se* Plaintiff's Removal of Action case number 05SA153 from the Supreme Court of Colorado due to the court passed on federal questions ("Notice of Removal"), filed August 9, 2005.  Through this filing, Plaintiff claims he is entitled to remove a domestic related matter, Case No. 05 SA 153, from the Colorado Supreme Court.  More particularly, Plaintiff asserts removal to the United States District Court for the District of Colorado is proper because Plaintiff's suit involves federal questions.[1]  After a careful review of the Notice of Removal and the attached pleadings, I find this Court lacks subject matter jurisdiction and this case should be remanded to the Colorado Supreme Court.

---

[1] Plaintiff argues, in part, his Equal Protection and Due Process rights under the United States Constitution were violated when the trial court (Case No. 01 DR 02767) "failed to find that the bifurcation [of marriage] was in the best interest of the parties . . .".  Notice of Removal, at 23.

Federal removal jurisdiction is a creature of federal statute. The general removal provision, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . .". By its terms, 28 U.S.C. § 1441 requires a basis for federal subject matter jurisdiction; thus, "[o]nly state court actions that originally could have been filed in federal court may be removed to federal court. . .". *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). In the federal court system, there are two bases of original jurisdiction: (1) federal question jurisdiction, and (2) diversity of citizenship jurisdiction in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

Here, I find this case should be remanded for several reasons. First, under the plain language of 28 U.S.C. § 1441(a), only a defendant may remove cases from state courts. Even assuming *arguendo* that a plaintiff may remove his own case filed in state court, Plaintiff's attempted removal in this action is untimely given the underlying state court action was commenced in 2001. 28 U.S.C. § 1446(b). Moreover, the record before me does not indicate that Plaintiff received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable, . . ." so as to extend the time period during which Plaintiff might timely file a notice of removal.  *See Id.*

Lastly, I do not find Plaintiff has established a basis of original jurisdiction in this action.  To the extent Plaintiff asserts any independent causes of action in his Notice of Removal, and there exists a basis for federal question jurisdiction under 28 U.S.C. § 1331, it has long been established that where the underlying action involves a domestic relations dispute, such suit will generally not be entertained in federal court.  The Supreme Court has held that the "domestic relations exception" divests federal courts of power to issue divorce, alimony and child custody decrees.  *See Ankenbrandt v. Richards,* 504 U.S. 689, 693 (1992).[2]  Thus, because the underlying matter is a domestic relations dispute, and Plaintiff contests, among other issues, a decree of dissolution of marriage and child custody decrees, I find that this Court does not have original jurisdiction in this action as Plaintiff has failed to satisfy either of the jurisdictional requirements of 28 U.S.C. §§ 1331, 1332.  Accordingly, it is

ORDERED that this matter be REMANDED to the Supreme Court of Colorado.

Dated:  August 18, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

---

[2] The Court notes that Defendant does not argue that diversity jurisdiction exists under 28 U.S.C. § 1332.  However, even if Defendant did make such a claim, jurisdiction would also be barred under the "domestic relations exception".  *See Ankenbrandt* at 703.